[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Charles Lazzara, Jr. and the defendant Cheryl Lazzara, whose maiden name was Cheryl Mahoney, were intermarried at Trumbull, Connecticut, on June 4, 1983.
One of the parties to this marriage, for at least twelve months next preceding the date of filing of this action, has resided continuously in the State of Connecticut.
The marriage of the parties has broken down irretrievably.
Two minor children have been born to the wife since the date of this marriage, namely: Anthony Lazzara, born August 30, 1986 and Matthew Lazzara, born April 27, 1991.
Neither the State of Connecticut nor any town municipality is contributing to the support or maintenance of the parties.
The marriage of the parties is hereby dissolved.
The court awards joint custody of the two minor children to the parties. The defendant-wife shall have physical custody of the two minor children. The court will not prohibit any contact with the plaintiff's girlfriend with regard to visitation. The court can find no character flaw on the part of the lady to inflict any prohibition as to visitation. The court will allow the plaintiff and defendant to rearrange the visitation with each other's permission as regarding the CT Page 10007 education or daycare so that the children will not be inconvenienced. The plaintiff may have visitation with the children on Mondays until 6:00 p. m.; however, the plaintiff shall not interrupt any schooling for said visitation. The plaintiff may have visitation on Fridays subject to the child's schooling, until 4:00 p. m. Saturday. All major holidays shall be alternating, except the plaintiff-father shall not commence his visitation rights until the year 1995.
The children shall have their birthday parties at the house of the defendant unless it conflicts with a visitation right. The plaintiff may attend the birthday party of each child.
The amount of $217.00 as support for the two minor children per week will be paid by the plaintiff-husband to the defendant-wife.
The plaintiff shall pay to the defendant $100 monthly as alimony, until the youngest child reaches eighteen years of age, unless the wife cohabitates or remarries. This amount shall be non-modifiable. This was a marriage of ten years and without an alimony award, the defendant-wife could not provide childcare or educational needs of the children.
The husband shall retain all rights to his pension plan.
Attorney's fees for either party is denied.
The plaintiff-husband shall provide health insurance for the benefit of the two minor children. Each party shall be responsible for one-half of any unreimbursed medical bills incurred by the minor children.
The plaintiff shall maintain a life insurance policy in the amount of $100,000 naming the minor children as irrevocable beneficiaries, until the youngest child reaches age 21.
The plaintiff shall pay one-half of the outstanding bills listed of Griffin Hospital, Dr. M. Barucha, Fairfield Pathology, Monogram Bank, First Credit Corporation, People's Bank Credit Card and Sears.
Philip E. Mancini, Jr. State Trial Referee CT Page 10008